PESTOTNIK + GOLD LLP
Timothy R. Pestotnik (SBN 128919)
tim@tprglaw.com
Russell A. Gold (SBN 179498)
russ@tprglaw.com
Russell F. Winslow (SBN 245031)
winslow@tprglaw.com
501 West Broadway, Ste. 1025
San Diego, California  92101
Telephone:  (619) 237-5080
Facsimile:   (619) 342-8020

McCARTER & ENGLISH, LLP
Jonathan Short (SBN 01334200)
jshort@mccarter.com
Mark Nikolsky (SBN 001932002)
mnikolsky@mccarter.com
Matthew Sklar (SBN 013662008)
msklar@mccarter.com
Four Gateway Center, 100 Mulberry Street
Newark, New Jersey 07102
Telephone:  (973) 622-4444
Facsimile:   (973) 624-7070

*Attorneys for Defendant PNY Technologies,
Inc., erroneously sued as "PNY Electronics,
Inc., dba PNY"*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| e.Digital Corporation,<br><br>                   Plaintiff,<br><br>          v.<br><br>PNY Electronics, Inc., dba PNY<br><br>                   Defendant. | Civil Case No. 13-cv-2930-H-BGS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**<br><br>**[Fed. R. Civ. Proc. 12(b)(6)]**<br><br>Date:   May 19, 2014<br>Time:  10:30 a.m.<br><br>Judge:  Hon. Marilyn L. Huff<br>Courtroom 15A<br><br>No Oral Argument Unless Requested by the Court |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS
Case No. 13-cv-02930

1

## **TABLE OF CONTENTS**

2  I.  INTRODUCTION......................................................................................1

3  II.  BACKGROUND.......................................................................................2

4  III.  ARGUMENT ...........................................................................................5

5    a.  E.Digital Has Failed to State a Claim for Relief in its
      Amended Complaint ........................................................................5

6

7      i.  E.Digital Has Failed to State a Claim for
        Induced Infringement .........................................................6

8      ii.  E.Digital Has Failed to State a Claim for
9        Contributory Infringement..................................................8

10      iii.  E.Digital Has Failed to State a Claim for
        Indirect Infringement Based on PNY's Conduct
11        Prior to this Action ............................................................9

12      iv.  E.Digital Has Failed to State a Claim for
        Direct Infringement ..........................................................10

13  IV.  CONCLUSION .......................................................................................12

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
## <u>TABLE OF AUTHORITIES</u>
3
**Page(s)**
4
**FEDERAL CASES**

5
6
*ACCO Brands, Inc. v. ABA Locks Mfrs. Co.*,
501 F.3d 1307 (Fed. Cir. 2007) ........................................................... 6
7
*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................... 5, 7, 8
8
9
*Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*,
No. C 11-04049 JW, 2012 WL 1030031 (N.D. Cal. Mar. 22, 2012) ............... 6, 7
10
11
*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................... 5, 7, 8
12
13
*Bender v. LG Elecs. U.S.A., Inc.*,
No. C 09-02114 JF (PVT), 2010 WL 889541 (N.D. Cal. Mar. 11, 2010) ... 10, 11
14
15
*Bender v. Motorola, Inc.*, No. C09-1245 SBA, 2010 WL 726739
(N.D. Cal. Feb. 26, 2010) .................................................................. 6, 8
16
17
*DSU Med. Corp. v. JMS Co.*,
471 F.3d 1293 (Fed. Cir. 2006) ...................................................... 6, 7, 9
18
*Eidos Commc'ns, LLC v. Skype Techs. SA*,
686 F. Supp. 2d 465 (D. Del. 2010) ..................................................... 11
19
20
21
*Irori Techs., Inc. v. Luminex Corp.*,
No. 13-CV-2647-BEN NLS, 2014 WL 769435
(S.D. Cal. Feb. 25, 2014) ........................................................... 8, 9, 10
22
23
*K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*,
714 F.3d 1277 (Fed. Cir. 2013), *cert. denied*, 134 S. Ct. 1026 (2014) ............. 12
24
25
*Kyocera Wireless Corp. v. Int'l Trade Comm'n*,
545 F.3d 1340 (Fed. Cir. 2008) ......................................................... 7, 8
26
*Moss v. U.S. Secret Service*,
572 F.3d 962 (9th Cir. 2009) ............................................................... 6
27
28
*Prism Techs., LLC v. AT&T Mobility, LLC*,
No. 8:12CV122, 2012 WL 3867971 (D. Neb. Sept. 6, 2012) ............... 10, 11, 12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS
Case No. 13-cv-02930

*Unisone Strategic IP, Inc. v. Life Techs. Corp.*,
    No. 3:13-CV-1278-GPC-JMA, 2013 WL 5729487
    (S.D. Cal. Oct. 22, 2013) ....................................................................... 7, 8, 9, 10

*Weiland Sliding Doors & Windows, Inc. v. Panda Windows & Doors, LLC*,
    No. 10CV677 JLS MDD, 2011 WL 3490471 (S.D. Cal. Aug. 10, 2011) ........... 9

**FEDERAL STATUTES**

35 U.S.C. § 271 ................................................................................................. 6, 8

**RULES**

Fed. R. Civ. P. 12(b)(6) ................................................................................. 5, 7, 13

iii

## I.    INTRODUCTION

In its Amended Complaint[1], Plaintiff e.Digital Corporation ("e.Digital") cobbles together allegations that fail to establish an adequate factual and legal basis for going forward in this case.  While e.Digital recently amended its Complaint to now allege both indirect *and* direct patent infringement, those allegations do not amount to plausible infringement claims.  Indeed, the Amended Complaint must be dismissed because it fails to state any basis for any claim for relief.

For example, although it accuses PNY Technologies, Inc. ("PNY")[2] of indirect infringement, e.Digital does not present sufficient *factual* allegations to support that claim.  Rather, e.Digital primarily recites the elements of claims for indirect infringement, and its allegations are devoid of a sufficient factual relationship between PNY's actions and the claim elements.  This manner of pleading is insufficient.  Further, assuming the few purported "factual" allegations included in the Amended Complaint are true, e.Digital still fails to establish any basis for liability due to contributory or induced infringement, particularly with respect to activities that occurred prior to this suit.[3]

Likewise, e.Digital has not included enough information in its Amended Complaint to support its claim for direct infringement.  E.Digital purports to identify the "accused products" that it says give rise to the infringement allegations, but its identification of products is without limit.  PNY has no way to discern what products e.Digital is actually accusing.  Thus, e.Digital has not presented enough information to enable PNY to respond to these allegations.

E.Digital is simply an entity set on extorting royalties from an unsuspecting

---

[1] The "Amended Complaint" refers to e.Digital's "First Amended Complaint for Patent Infringement," which it filed with this Court on March 31, 2014. (*See* Dkt. No. 13).
[2] In its Amended Complaint, e.Digital misidentifies PNY Technologies, Inc. as "PNY Electronics, Inc., dba PNY."
[3] With regard to indirect infringement, e.Digital claims that PNY is liable as a result of both contributory and induced infringement.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS
Case No. 13-cv-02930

1   industry in the face of the high cost of patent litigation.[4]   E.Digital's Amended

2   Complaint fails to state a claim and evidences an inadequate pre-suit investigation.

3   Indeed, like the dozens of other cases that e.Digital has filed in this Court, this

4   matter is a hasty and poor attempt to feed off of the success of legitimate

5   companies in this industry.  PNY therefore requests respectfully that this Court

6   dismiss all of e.Digital's claims.

7   **II.   BACKGROUND**

8   In its Amended Complaint, e.Digital claims, among other things, that PNY

9   "has directly and indirectly infringed and is directly and indirectly infringing"

10   claim 1 of U.S. Patent No. 5,839,108 ("the '108 patent").  (Dkt. No. 13 at ¶ 12).

11   Further, e.Digital claims that the accused products which give rise to its allegations

12   "*include but are not limited to* PNY's Flash Memory Storage products including

13   but not limited to its USB, SSD, SD, microSD, and/or Compact Flash products."

14   (Dkt. No. 13 at ¶ 11) (emphasis added).  The accused products as pled would

15   include hundreds of stock keeping units (SKUs), and hundreds if not thousands of

16   different component combinations, making it impossible for PNY to determine

17   exactly what e.Digital is alleging.

18   With regard to its *direct* infringement allegations, e.Digital claims that PNY

19   infringes claim 1 of the '108 patent – a method claim – "when it demonstrates,

20   tests or otherwise uses the accused products in the United States."  (Dkt. No. 13 at

21   ¶ 15).  As an example of this supposed "direct infringement of Claim 1 of the '108

22   patent," e.Digital refers to "PNY's demonstration and How-To videos, posted by

23   PNY on PNY's website(s) or other public websites."   (Dkt. No. 13 at ¶ 16).

24   ───────────────

25   [4]  In announcing its filing of over three dozen nearly identical lawsuits, e.Digital announced: "We are pleased with the progress Handal & Associates has made in continuing to monetize our Flash-R patent portfolio [including the patent in suit] and leveraging their comprehensive understanding of the portfolio to broaden our licensing opportunities . . . ." (http://www.edigital.com/index.php?option=com_content&view=article&id=130:e digital-files-new-patent-infringement-lawsuits-against-toshiba-kingston-seagate-western-digital-intel-micron-pny-and-other-flash-memory-suppliers&catid=:news (last visited April 15, 2014)).

26

27

28

- 2 -

1    E.Digital further refers to two websites which relate to certain PNY products, and

2    purports that animated videos on these sites are supposed evidence of PNY's act of

3    direct infringement of the method claim.  (*Id.*).

4          With regard to its *indirect* infringement allegations, e.Digital claims that

5    PNY is liable by way of active inducement of infringement and contributory

6    infringement.  Specifically, e.Digital claims that PNY has "induced and continues

7    to induce infringement" because, allegedly:

8        a. The accused products infringe Claim 1 during their normal use by

9        PNY's customers and/or end-users;

10       b. PNY has known and has been continuously aware of the '108

11       patent since at least the filing of the original complaint in this action,

12       if not sooner;

13       c. PNY has acted in a manner that encourages and continues to

14       encourage others to infringe Claim 1 of the '108 patent by, among

15       other things, intentionally instructing and/or encouraging customers

16       and end-users to use the accused products in a manner that PNY

17       knows or should have known would cause them to infringe the '108

18       patent;

19       d. PNY sells, distributes, and supplies the accused products to

20       customers and end-users with the intent that the products be used in an

21       infringing manner;

22       e. PNY provides operating manuals, installation guides, instructional

23       videos, or other instructional material designed to instruct customers

24       and end-users to use the products in an infringing manner; and,

25       f. PNY advertises, markets, and promotes the use of the accused

26       products in an infringing manner.

27   (Dkt. No. 13 at ¶ 20).  E.Digital also claims that "PNY has contributed and

28   continues to contribute to the infringement of claim 1 of the '108 patent" because,

- 3 -

1   supposedly:

2       a. The accused products infringe Claim 1 of the '108 patent during the

3       normal use of the accused products by PNY's customers and/or end-

4       users;

5       b. PNY has known and has been continuously aware of the '108

6       patent since at least the filing of the original complaint in this action,

7       if not sooner;

8       c. PNY imports into the United States, sells and/or offers to sell within

9       the United States products that (a) practice the method of memory

10      management of Claim 1 of the '108 patent; and, (b) PNY knows that

11      the same constitute material infringing component(s) of the accused

12      products, which were made and/or especially adapted for use in the

13      accused products;

14      d. The memory management component(s) and methods of the

15      accused products are not staple articles of commerce suitable for

16      substantial non-infringing use with respect to the '108 patent; and,

17      e. PNY sells, has sold, and/or has supplied the accused products

18      knowing of Plaintiff's '108 patent and knowing that the accused

19      products incorporate Plaintiff's patented method and/or were specially

20      adapted for use in a way which infringes the '108 patent.

21  (Dkt. No. 13 at ¶ 21).  In its Amended Complaint, e.Digital also claims that PNY

22  has "advertise[d] and encourage[d]" customers to infringe claim 1 of the '108

23  patent through largely unidentified "product literature, materials, and instructional

24  videos." (*See* Dkt .No. 13 at ¶¶ 17-19).

25      As this Court is aware, e.Digital has filed numerous patent infringement

26  actions in the United States District Court for the Southern District of California

27  regarding the '108 patent.  (*See*, *e.g.*, Dkt. No.  4, 10).  Pleadings filed by e.Digital

28  in those other actions are strikingly similar to the Amended Complaint that

- 4 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS
Case No. 13-cv-02930

e.Digital filed in this action.  For example, the first amended complaint filed by e.Digital in Case No. 3:13-cv-02905-H-BGS, *e.Digital Corporation v. Intel Corporation*, is very similar to the Amended Complaint filed by e.Digital in this action.  Notably, in both the *Intel* case and this action, e.Digital has identified the accused products as "Flash Memory Storage products including but not limited to . . . USB, SSD, SD, microSD, and/or Compact Flash products."  (*Compare* Dkt. No. 13 at ¶ 11 *with e.Digital Corp. v. Intel Corp.*, No. 3:13-cv-02905-H-BGS (S.D. Cal.), Dkt. No. 13 at ¶ 10).

## III.   ARGUMENT

### a. E.Digital Has Failed to State a Claim for Relief in its Amended Complaint

Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)") when a pleading fails "to state a claim upon which relief can be granted."  In other words, to survive this motion e.Digital must include sufficient facts in its pleading, which when "accepted as true, . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  E.Digital must do more than present "a sheer possibility that a defendant has acted unlawfully," and if it fails to satisfy this "plausibility standard," its claims should be dismissed.  *See id.*  at 678-79.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 678; *see Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" (marks and citation omitted)).

A plaintiff's claim is plausible when the facts recited in the pleading are sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When the Court cannot "infer more than the mere possibility of misconduct," the plaintiff's claims

- 5 -

must be dismissed under Rule 12(b)(6).  *Id*. at 679.  As the Ninth Circuit has explained, for a pleading "to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (marks omitted).[5]

Despite amending its complaint, e.Digital has failed to plead sufficient facts to suggest that it may be entitled to any form of relief.  Indeed, the Amended Complaint mainly contains conclusory and speculative statements, which are arranged to align with the elements of claims for direct and indirect infringement.  E.Digital's Amended Complaint is reflective of its failure to adequately investigate whether it even has a viable claim to assert against PNY.  This Court should not permit this case to go forward, and should ensure that PNY is not forced to expend effort defending against claims that are not even plausible.

### i. E.Digital Has Failed to State a Claim for Induced Infringement

With regard to claims of infringement by active inducement, e.Digital must "establish first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement."  *Bender v. Motorola, Inc.*, No. C09-1245 SBA, 2010 WL 726739, at *4 (N.D. Cal. Feb. 26, 2010) (marks omitted) (quoting *ACCO Brands, Inc. v. ABA Locks Mfrs. Co.*, 501 F.3d 1307, 1312 (Fed. Cir. 2007)); *see DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities" (*en banc* with regard to referenced text)); *see* 35 U.S.C. § 271(b).  With

---

[5] This Court should apply the law of the regional circuit in evaluating a motion to dismiss for failure to state a claim upon which relief can be granted.  *See Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*, No. C 11-04049 JW, 2012 WL 1030031, at *2 (N.D. Cal. Mar. 22, 2012)(citation omitted).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS
Case No. 13-cv-02930

1   regard to the specific intent necessary to induce infringement, the accused inducer

2   "'must have an affirmative intent to cause direct infringement.'"  *Kyocera Wireless*

3   *Corp. v. Int'l Trade Comm'n*, 545 F.3d 1340, 1354 (Fed. Cir. 2008) (quoting *DSU*,

4   471 F.3d at 1306).  In order to survive a motion under Rule 12(b)(6), e.Digital's

5   Amended Complaint must have factual allegations directed to all of the elements

6   of an induced infringement claim.  *See Avocet Sports*, 2012 WL 1030031, at *4.

7       Here, at the very least, e.Digital has not adequately alleged that PNY acted

8   with the specific intent to cause direct infringement.  In support of its claims,

9   e.Digital purports that PNY intends to induce the infringement of the '108 patent

10  because it is "intentionally instructing and/or encouraging" others to use its

11  products in a supposedly infringing manner. (*See* Dkt. No. 13 at ¶¶ 17-20).

12  Furthermore, throughout the Amended Complaint, e.Digital asserts that PNY

13  intends to induce others to infringe claim 1 of the '108 patent.  (*See id.* at ¶¶

14  14,20).  Nonetheless, these types of allegations fall far short of what is needed to

15  overcome a 12(b)(6) motion that seeks to dismiss induced infringement allegations.

16      The Amended Complaint is devoid of any allegation whatsoever that PNY

17  possesses (or possessed) the specific intent required for a claim for infringement by

18  active inducement.  E.Digital's  bare assertions regarding PNY's supposed intent

19  are nothing more than unsupported recitations of an element of an induced

20  infringement claim.  These allegations are not sufficient.  *See Iqbal*, 556 U.S. at

21  678; *Twombly*, 550 U.S. at 555; *see also Bender*, 2010 WL 726739, at *4

22  ("conclusory, fact-barren allegation" that party performed acts that infringe and

23  induce others to infringe was insufficient).  Moreover, E.Digital's speculative and

24  conclusory allegations regarding PNY's manner of instructing and encouraging

25  others to use its products is not illustrative of the specific intent required for

26  induced infringement. *See Kyocera Wireless*, 545 F.3d at 1354.  Indeed, instructing

27  another to use a product is not akin to intending to have another infringe a patent

28  claim.  *See Unisone Strategic IP, Inc. v. Life Techs. Corp.*, No. 3:13-CV-1278-

- 7 -

GPC-JMA, 2013 WL 5729487, at *3 (S.D. Cal. Oct. 22, 2013) (allegations regarding, among other things, promotion and education concerning the defendant's software "merely indicate that [the] [d]efendant provides instruction, technical support, and training for using its own software, and nothing more"); *see also Irori Techs., Inc. v. Luminex Corp.*, No. 13-CV-2647-BEN NLS, 2014 WL 769435, at *5 (S.D. Cal. Feb. 25, 2014) (granting motion to dismiss when, among other things, the plaintiff did not plead facts sufficient to allow the Court to infer specific intent to induce infringement).   Given e.Digital's failure to present any allegations regarding PNY's intent, e.Digital's claim regarding induced infringement is far from plausible, and should be dismissed by this Court.

### ii.   E.Digital Has Failed to State a Claim for Contributory Infringement

Pursuant to 35 U.S.C. § 271(c), a party may be liable for patent infringement by way of contributory infringement.   Pursuant to this statute, at the very least, a party can only be liable as a contributory infringer if the party sells or offers to sell in the United States (or imports into the United States) an item and certain conditions are satisfied: (1) the item must be a *material* part of an invention, (2) the party must *know* that the item is "especially made or especially adapted" for use in an infringement of a patent claim and (3) the item must *not* be a staple article or commodity of commerce suitable for substantial noninfringing use.   35 U.S.C. § 271(c); *see also Unisone* , 2013 WL 5729487, at *4.   Like induced infringement, in order to establish that a party is liable as a contributory infringer, the plaintiff must demonstrate that there is an underlying act of direct infringement and that the party had knowledge of the patent.   *See Irori Techs.*, 2014 WL 769435, at *5.

Rather than adequately pleading a contributory infringement claim, e.Digital presents conclusory statements that mirror the statutory language of 35 U.S.C. § 271.   The Supreme Court has repeatedly explained that this type of pleading is insufficient to overcome a motion to dismiss.   *See Iqbal*, 556 U.S. at 678;

- 8 -

1  *Twombly*, 550 U.S. at 555.   Indeed, this Court has dismissed claims for

2  contributory infringement when a complaint "does nothing more than mirror

3  statutory language."  *See, e.g.*, *Weiland Sliding Doors & Windows, Inc. v. Panda*

4  *Windows & Doors, LLC*, No. 10CV677 JLS MDD, 2011 WL 3490471, at *4 (S.D.

5  Cal. Aug. 10, 2011).   At the very least, e.Digital has failed to allege non-

6  conclusory facts indicating that PNY knows that its accused products are especially

7  made or adapted for use in infringement of a claim of the '108 patent and that the

8  accused products are not staple articles of commodities of commerce suitable for

9  substantial noninfringing use.[6]  Accordingly, e.Digital's contributory infringement

10  claim should be dismissed.

11  **iii.  E.Digital Has Failed to State a Claim for Indirect**

12  **Infringement Based on PNY's Conduct Prior to this Action**

13  In addition to failing to state claims for indirect infringement (*i.e.*, both

14  induced and contributory infringement) outright, e.Digital has failed to include

15  allegations in its Amended Complaint that provide support for claims for indirect

16  infringement that occurred prior to the filing of this action.  Specifically, for both

17  induced and contributory infringement, e.Digital must allege facts which support

18  the inference that PNY had knowledge of the '108 patent.  *See DSU*, 471 F.3d at

19  1304 (the party accused of inducing infringement must have knowledge of the

20  patent); *Irori Techs.*, 2014 WL 769435, at *3, *5 (indicating that to survive a

21  motion to dismiss, the plaintiff must state, among other things, sufficient facts from

22  which the Court may infer knowledge of the patent with regard to induced and

23  contributory infringement claims); *see also Unisone* , 2013 WL 5729487, at *2, *4

---

[6]  E.Digital alleges that the "primary and substantial purpose of the accused products is to write to and store data in electronic format in non-volatile flash memory."  (Dkt. No. 13 at ¶ 11).  Although this allegation could be construed to relate to E.Digital's contention that the accused products are not staple articles or commodities of commerce suitable for substantial noninfringing use, it is nothing more than a conclusory statement.  Nevertheless, e.Digital still fails to provide adequate allegations concerning all of the elements of a claim for contributory infringement.

- 9 -

1    (describing requirement of knowledge of patent).

2    　　　Here, e.Digital alleges that "at least as of the date of the filing of the

3    originally filed complaint in this matter, if not sooner, PNY knew or should have

4    known of the existence of . . . the '108 patent."  (Dkt. No. 13 at ¶ 13).[7]  The

5    speculative phrases "at least as of" and  "if not sooner" have no bearing on whether

6    one could infer that PNY had knowledge of the '108 patent prior to filing.  Indeed,

7    there are no allegations in the Amended Complaint that would lead one to believe

8    that PNY may have had knowledge of the '108 patent before e.Digital filed an

9    action in this Court.  Accordingly, the Court should dismiss e.Digital's claims for

10   indirect infringement prior to filing in light of this deficiency – and in addition to

11   the other deficiencies regarding the entire universe of e.Digital's indirect

12   infringement claims.  *See Irori Techs.*, 2014 WL 769435, at *5; *Unisone* , 2013

13   WL 5729487, at *2, *4.

14   　　　　　　　　　**iv. E.Digital Has Failed to State a Claim for Direct**

15   　　　　　　　　　　　**Infringement**

16   　　　In addition to failing to adequately plead claims for indirect infringement,

17   e.Digital has not even adequately pled a claim for direct infringement in its

18   Amended Complaint.  Although Form 18 of the Federal Rules of Civil Procedure

19   serves as an exemplar for a claim of direct patent infringement, a complaint that

20   appears to satisfy the requirements of this form may still be deficient.  *See Prism*

21   *Techs., LLC v. AT&T Mobility, LLC*, No. 8:12CV122, 2012 WL 3867971, at *5

22   (D. Neb. Sept. 6, 2012); *see also Bender v. LG Elecs. U.S.A., Inc.*, No. C 09-02114

23   JF (PVT), 2010 WL 889541, at *5-6 (N.D. Cal. Mar. 11, 2010).  Specifically, a

24   _____

[7] E.Digital repeats this allegation throughout its Amendment Complaint. *See*  Dkt.
25   No. 13 at ¶ 20 (alleging that "PNY has known and has been continuously aware of
     the '108 patent since at least the filing of the original complaint in this action, if
26   not sooner"); Dkt. No. 13 at ¶21 (alleging that "PNY has known and has been
     continuously aware of the '108 patent since at least the filing of the original
27   complaint in this action, if not sooner"); Dkt. No. 13 at ¶ 22 (alleging that "PNY
     had notice of the '108 patent and knowledge of infringement of Claim 1 of the
28   '108 patent since at least the filing of the original complaint in this matter, if not
     sooner").

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS
Case No. 13-cv-02930

plaintiff's complaint is inadequate if it fails to identify products that give rise to the direct infringement allegations with sufficient particularity. *See Prism*, 2012 WL 3867971, at *5 ("The Court agrees that Prism's accusation is too broad, such that it does not satisfy Form 18 standards."); *Bender*, 2010 WL 889541, at *6 ("Bender must do more than allege conclusorily the means by which Defendants are infringing on his [] Patent and provide fair notice to Defendants of the specific infringements alleged."); *see also Eidos Commc'ns, LLC v. Skype Techs. SA*, 686 F. Supp. 2d 465, 468 (D. Del. 2010) (infringement allegations concerning "large technology areas" were not sufficient).

For example, independent Claim 1 of the '108 patent recites, among other limitations, the following steps:

> (1) receiving the new data segment in the cache memory; (2) moving the new data segment from the cache memory to a next available space within primary memory such that the new data segment is stored in primary memory in non-used memory space; (3) identifying the previous logical data segment in primary memory; (4) creating a logical link between the previous logical data segment and the new data segment such that the logical link provides a path for sequentially accessing the data segments within the primary memory; (5) creating additional serial and logical links as subsequent new data segments are written to primary memory, said logical links providing the path for serially accessing the data segments regardless of contiguity of the data segments relative to each other within the primary memory; and (6) storing the data segments to primary memory in a manner consistent with an industry standard data storage format while retaining linking between data segments created in previous steps.

These limitations relate to functions carried out by a memory device, but nowhere does e.Digital point to any corresponding functions in any accused product or

- 11 -

1    sufficiently explain how any of the accused products relate to this asserted claim.

2         Moreover, as indicated above, e.Digital has alleged that a seemingly

3    unlimited number of PNY's products give rise to the infringement allegations of

4    the Amended Complaint.  (*See* Dkt. No. 13 at 11).  It is difficult for PNY to discern

5    the nature of e.Digital's direct infringement allegations because this range of

6    products is so broad.   Presumably, e.Digital performed an adequate pre-suit

7    investigation, and it could have presented specific information regarding which

8    PNY products supposedly relate to its infringement allegations.[8]    However,

9    e.Digital's failure to adequately indicate what PNY products relate to its direct

10   infringement claims is fatal.[9]   Accordingly, as with its other purported claims,

11   e.Digital has failed to state a claim for direct infringement in its Amended

12   Complaint.  *See Prism*, 2012 WL 3867971, at *5.

13   **IV.    CONCLUSION**

14        Instead of including allegations in its Amended Complaint that reflect an

15   adequate pre-suit investigation and state plausible – albeit incorrect – causes of

16   action, e.Digital attempts to pursue an infringement action primarily by reciting

17   necessary elements without providing any supposed factual support.  With regard

18   to its indirect infringement allegations, e.Digital fails to plead allegations that

19   provide support for all of the elements that it must establish in order to succeed on

20

21   [8] As previously mentioned, e.Digital's description of the accused products in its
     Amended Complaint is nearly identical to the description of accused products in its
22   infringement case against Intel concerning the '108 patent.  This broad, generic
     description of accused products in cases involving different parties that
23   manufacture different products is reflective of e.Digital's failure to present
     allegations that relate to a particular party as opposed to any manufacturer of any
24   flash memory device.
     [9] Although the Federal Circuit has indicated that the Form 18 pleading standard
25   applies to claims of direct infringement, it has still stressed that a party asserting
     direct infringement must notify "a potential infringer . . . of what activity or device
26   is being accused of infringement."   *K-Tech Telecommunications, Inc. v. Time
     Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013), *cert. denied*, 134 S. Ct.
27   1026 (2014).  E.Digital could have easily identified which PNY products relate to
     its direct infringement claims; these products could have been obtained by
28   e.Digital prior to its filing of this suit.  Indeed, e.Digital itself claims that PNY's
     products are publicly available.  (Dkt. No. 13 at ¶¶ 5-6).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS
Case No. 13-cv-02930

1  those claims.   Similarly, although it has included allegations in its Amended
2  Complaint regarding PNY's purported direct infringement, e.Digital's allegations
3  are too broad and do not indicate that it has a claim that it may pursue in this Court.
4  For at least the foregoing reasons, as well as the reasons further addressed in this
5  brief, PNY's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be
6  granted, and this Court should dismiss this action in its entirety.

7  April 15, 2014                              McCARTER & ENGLISH, LLP

8

9

10                                            s/ Matthew Sklar
                                              Matthew Sklar
11                                            Email: msklar@mccarter.com

12                                            PESTOTNIK + GOLD LLP
                                              Timothy R. Pestotnik (SBN 128919)
13                                            tim@tprglaw.com
                                              Russell A. Gold (SBN 179498)
14                                            russ@tprglaw.com
                                              Russell F. Winslow (SBN 245031)
15                                            winslow@tprglaw.com
                                              501 West Broadway, Ste. 1025
16                                            San Diego, California  92101
                                              Telephone:  (619) 237-5080
17                                            Facsimile:   (619) 342-8020

18                                            *Counsel for Defendant PNY Technologies, Inc.,
                                              erroneously sued as "PNY Electronics, Inc.
19                                            dba PNY"*

20

21

22

23

24

25

26

27

28

- 13 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS
Case No. 13-cv-02930